UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTONIO TAVARIS BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV415-199 |
| | ) | CR412-278 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Antonio Tavaris Brown moves for 28 U.S.C. § 2255 relief, seeking a sentence reduction from 180 to 51 months. Doc. 62 at 1, 12.[1] The Court is preliminarily reviewing it under Rule 4 of the Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

Brown pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Doc. 47 at 1; *see also* doc. 54 at 20-21. This Court's December 14, 2013 judgment makes no mention of the Armed Career Criminal Act (ACCA), 18 U.S.C. §

---

[1] All citations are to the CR412-278 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

924(e)(1), but the sentencing judge applied it during sentencing: "[T]he Court concurs with the findings in the presentence report, including the addendum, and determines that the applicable advisory guidelines are: a total offense level of 30, criminal history category [VI]; 180-to-210 months of 15 imprisonment. . . ." Doc. 55 at 6; *see also* Presentence Investigation Report (PSI) at 4 (noting §922(g) conviction, plus three violent felony priors -- "two convictions for felony eluding and one for obstruction with violence"). The judge then imposed the low end of that range, 180 months. *Id.* at 23 ("[A] lot of the underlying offenses that qualify for the armed career criminal mandatory minimum make that penalty too high[,] in my judgment. But I have to apply the law. I can't just go off flying on my own and say, well, I don't agree with the law so I'm going to do something different.").

In his only § 2255 claim raised here,[1] Brown argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), applies to his case, and because this Court sentenced him under ACCA's "residual clause" -- which *Johnson* invalidated on vagueness grounds -- he is entitled to re-sentencing "to a term of imprisonment not exceeding 120 months by

---

[1] Brown appealed, doc. 45, and it was finalized on September 8, 2014, doc. 60, so his July 10, 2015-filed §2255 motion is timely.

2

statute, and a term of imprisonment not exceeding 51 months by [application of the U.S. Sentencing Guidelines]." Doc 62 at 4.

## II. ANALYSIS

The ACCA enhances penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions fetch a maximum 120-month sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15-year (180-month) minimum and a maximum of life. 18 U.S.C. § 924(e)(1). The Act defines the term "violent felony" as meaning

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson* invalidated the "residual clause" (italicized above). *Johnson,* 135 S. Ct. at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15

3

years to life" violates the Fifth Amendment's prohibition on vague criminal laws); *McClouden v. United States*, 2016 WL 775831 at * 6 (S.D. Ga. Feb. 25, 2016).[2] *Johnson*, however, did not call into question enhancements predicated on convictions under the ACCA's first two clauses, known as the "elements clause"[3] and the "enumerated clause."[4] *Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Hence, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*);

---

[2] Others have since argued that if the ACCA residual clause is unconstitutionally vague, then so is the identical language in the U.S. Sentencing Guidelines, under which many have had their sentences enhanced. But the Eleventh Circuit has rejected that argument: "The vagueness doctrine, which 'rest[s] on [a] lack of notice,' does not apply to [the] advisory [sentencing] guidelines." *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015). "Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Id.* at 1194-95 (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990)). Brown, however, was sentenced under the ACCA.

[3] *See United States v. Barker*, 2016 WL 861118 at * 2 (11th Cir. Mar. 7, 2016).

[4] *See Barker*, 2016 WL 861118 at * 2; *United States v. Lockett*, 810 F.3d 1262, 1265 (11th Cir. 2016).

4

*McClouden*, 2016 WL 775831 at * 7 ("Burglary is a specifically enumerated offense pursuant to Section 924(e)(2)(B)(ii) and thus, does not fall within the scope of that Section's residual clause, which was invalidated by the *Johnson* decision.").[5]

The question that immediately surfaces in this case, then, is whether Brown was improperly sentenced under the residual clause. The PSI noted only his three prior felonies: "two convictions for felony eluding and one for obstruction with violence." PSI at 4 ¶ 17. Brown impliedly argues[6] that they were classified under the residual clause when he contends that, under *Johnson*, his

> prior predicate convictions for fleeing and eluding no longer qualify as "violent felonies" under the [ACCA.] [H]ence, [he] is actually and factually innocent of violating the 18 U.S.C. § 924(e) statute, and is entitled to be re-sentenced to a term of imprisonment not exceeding 120 months by statute, and a term of imprisonment not exceeding 51 months by [application of the U.S. Sentencing Guidelines].

Doc 62 at 4 (Brown's § 2255 brief); *see also* doc. 63 at 6-7.

The problem, however, is that neither the sentencing judge nor the PSI specify which of the ACCA's three clauses supported Brown's ACCA

---

[5] Still, this area can get pretty complicated. *See McCarthan v. Warden, FCI Estill*, 811 F.3d 1237 (11th Cir. 2016); *Lockett*, 810 F.3d 1262.

[6] *Pro se* movants are entitled to have their filings construed liberally. *United States v. Frank*, 414 F. App'x 252, 254 (11th Cir. 2011).

enhancement. A somewhat similar situation arose in *McCarthan*, 811 F.3d at 1243 ("In imposing sentence, the district judge, like the [PSI], did not expressly identify which of McCarthan's prior convictions qualified as predicate offenses for purposes of the ACCA enhancement.").[7] The *McCarthan* panel thus performed a reverse-engineering analysis of McCarthan's ACCA-enhanced sentence to discern the answer. *Id.* at 1254-1257.[8]

---

[7] That court reminded:

> In general, both the [PSI] and the sentencing court should specifically identify which of a defendant's prior convictions qualify a defendant for an enhanced ACCA sentence. Title 18, United States Code, Section 3553(c) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence." Under this provision, a defendant is entitled to know the specific convictions on which an ACCA enhancement is recommended and imposed. To hold otherwise would raise serious due-process concerns. *Cf. Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to [a] recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense."); *United States v. Moore*, 208 F.3d 411, 414 (2d Cir.2000) ("It is settled that due process requires that a defendant have notice and an opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based.").

*McCarthan*, 811 F.3d at 1253; *see also id.* at 1253-54 (McCarthan forfeited any objection to the sentencing court's failure to identify the specific convictions supporting his ACCA enhancement because at sentencing he had failed to object to the sentencing court's adoption of a PSI that had failed to identify the ACCA predicate convictions, and to the court's failure identify specific prior convictions in support of its imposition of an ACCA enhancement).

[8] This is something that can be avoided if the Probation Office specifies the precise ACCA clause on which it bases its sentencing recommendations, and district judges do likewise at sentencings *and* in written judgments.

6

But an overarching question also arises: Does *Johnson* even apply to cases on collateral review? That question is now before the Supreme Court in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 790 (2016) (granting certiorari to decide "[w]hether *Johnson v. United States*, ___ U.S. ___ 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review."); *see also Welch v. United States*, 2016 WL 537626 (Petitioner's Feb. 9, 2016 Brief); *In re Johnson*, ___ F. 3d ___, 2016 WL 762095 at * 6 (11th Cir. Feb. 26, 2016) (holding an application for leave to file a successive § 2255 motion "in abeyance, pending the Supreme Court's decision in *Welch*."), *vacated for reh'g en banc*, ___ F.3d ___, 2016 WL 919483 (11th Cir. Mar. 10, 2016).

The Court will hear from the Government within 30 days of the date this Order is served. Rule 4(b). Brown is directed to furnish the United States Attorney in Savannah, Georgia, with copies of all further motions or papers that he files in this case.

**SO ORDERED**, this 16th day of, March, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA